THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
ERNESTO VÁZQUEZ NIEVES, Defendant and Appellant.

No. 15059.   Argued November 5, 1951.—Decided November 14, 1951.

*C. Ávila Medina* for appellant. *Víctor Gutiérrez Franqui,
Attorney General,* and *J. Rivera Barreras, Fiscal of the
Supreme Court,* for appellee.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the
Court.

Ernesto Vázquez Nieves was convicted of the crime
of carrying a weapon and sentenced to three month's im-
prisonment in jail.   Feeling aggrieved by the judgment, he
appealed.   Even though he makes no specific assignment of
errors in his brief, as required by Rule 11 of our Rules,
for which reason alone the appeal could be dismissed—*Paoli*
v. *Colorado,* 31 P.R.R. 431; *People* v. *Maldonado,* 45 P.R.R.
885; *People* v. *Colón,* 68 P.R.R. 826—we shall consider the
only question of law he raises, to wit: "Whether the defend-
ant, having in his automobile a revolver which he was taking
to be repaired, must keep still when confronted by an aggres-

sor who has fired four shots at him, and not use the said gun which he has in his automobile, solely because he departed from the route between the place from which he took the revolver and his house or shop in Puerto Nuevo."

This question rather tends to justify defendant's use of the weapon than to show that he carried it lawfully.

■ The evidence for the prosecution showed that on August 2, 1950, and while Virgilio Hernández was in front of a garage owned by him, in Hato Rey, talking to Insular Policeman Osvaldo Vidal Rivera, the defendant arrived in an automobile and parked near them; that Hernández approached defendant's automobile whereupon a shooting between both supervened; that defendant got off the automobile and they continued shooting at each other, the defendant having a revolver in his hands. The policeman testified that the defendant is a gunsmith.

The evidence for the defense showed that on February 20, 1950, the revolver introduced in evidence was given for nickel-plating to Norman Iceman of the Hato Rey Electroplating Corporation, which is engaged in silver and chromium-plating; that he gave it to the defendant who worked as a gunsmith for him, and the latter found that the barrel was broken, and the gun was not nickel-plated; that the defendant had his gunsmithery and machine repair shop in Puerto Nuevo and on the day of the events he was carrying the revolver, in order to repair it, in a small bag; that before going to his house in Puerto Nuevo, he went to the hospital in Río Piedras to install some stoves and later gave a lift to a boy in order to take him to Virgilio Hernández' house to borrow $2 from the latter, and upon arriving there, Hernández fired several shots at him with a revolver and he had to defend himself with the revolver he was carrying in the bag for repairs. He admitted that the gun was given to him on February 20, 1950 (the events took place on August 2, 1950) but he positively stated that he did not take said revolver from the place where he worked for W.

Sarten & Bundle Company for it belonged to Mr. Sarten, until August 2, 1950.

We think that the lower court did not err in finding the defendant guilty. Regardless of the fact that the revolver was given to him on February 20, 1950, to be repaired and he kept it in his possession until August 2 of that same year, he carried it unlawfully on the latter date upon taking it in his automobile from the place where he worked in Hato Rey to the hospital of Río Piedras and then to the front of Hernández' garage, even though his ultimate intent had been to take it home in order to repair it. *People* v. *Pérez*, 40 P.R.R. 724, and *People* v. *Mandés*, 50 P.R.R. 151, in which the defendants carried unloaded revolvers from the house of a gunsmith who had repaired them, are inapplicable to the proved facts of the instant case. Nor is *Harris* v. *State*, 85 S. E. 813, in point, even assuming that we were willing to accept the application which was made of the doctrine of the momentary carrying to the facts thereof.

The judgment will be affirmed.